Conley *vs*. The Campbell Printing-Press and Manufacturing Company.

Where a mortgage given to a corporation was attested by an employé thereof, together with another witness, the attesting employé not having conducted the transaction out of which the debt grew, although he extended the time of payment after the debt fell due and took the mortgage to secure it, such attestation was sufficient to allow the mortgage to be recorded, and its record operated as notice to a subsequent purchaser.

(*a*) There was no error in admitting the mortgage in evidence.

March 22, 1887.

Mortgages. Corporations. Principal and Agent. Witness. Notice. Before Judge Marshall J. Clarke. Fulton Superior Court. September Term, 1886.

A *fi. fa.* in favor of the Campbell Printing-Press and Manufacturing Company against M. E. Thornton was levied on a printing press, and Conley interposed a claim. The case was submitted to the presiding judge without a jury under an agreed statement of facts, which was, in substance, as follows: On March 16, 1882, the plaintiff sold to the defendant the property in dispute, for which he was

to pay $500 cash and the balance in instalments, the title remaining in the vendor until payment should be made. On July 25, 1882, the plaintiff, through C. H. Tilleston, made a written contract with Thornton, reciting that he was unable to pay as in the original contract provided, and extending the time of payment. Tilleston was authorized to make this contract, but was not a stockholder or officer of the company. On August 12, 1882, Thornton gave to the plaintiff a mortgage covering the same property, which was witnessed by Tilleston and another and admitted to record on the affidavit of Tilleston probating it. It was delivered by Thornton to Tilleston as agent for the company. On July 15, 1883, the claimant purchased for value, and without actual notice of the mortgage, the property, and took a written title of Thornton to it. He did not examine the records for mortgages or other liens.

The presiding judge held the property subject, and the claimant excepted and assigned error on the ground that the mortgage was not legally recorded or attested, and that it was no notice to the claimant.

T. P. WESTMORELAND; A. A. MANNING, for plaintiff in error.

R. B. BARNES, for defendant.

HALL, Justice.

There is a single question in this case, viz. whether the attestation of a mortgage to a corporation, by an employé of the corporation, together with one other witness, can prove the execution of the mortgage so as to carry it properly to record. The attesting employé did not conduct the transaction out of which grew the debt that the mortgage was given to secure, although he extended the time of payment after the debt fell due, and took the mortgage to secure it. That his attestation and proof of the execution of the instrument was sufficient to

carry it to record, was held by this court in two analogous cases, viz. *Welsh et al. vs. Lewis & Son et al.,* 71 *Ga.* 387, in which it was held that where a mortgage on personalty was attested only by a brother-in-law of the mortgagee, who was a notary, this did not render it illegal or its record bad (*Id.* 390–1), and *Wardlaw vs. Mayer, Son & Co.,* October term, 1886, (77 *Ga.* 620), in which it was held that a mortgage, attested by a notary who was the attorney at law for both parties, selected by them to embody their contract in writing, was properly executed and properly admitted to record on his attestation.

The lien of the mortgage antedated the claimant's title, and its record was notice to him of the plaintiff's incumbrance when he made the purchase. There was no error in admitting the mortgage in evidence, over plaintiff's objection. The decision of the court was demanded by the evidence in the case.

Judgment affirmed.